UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYLER J. ARBUCKLE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:26-CV-137-PPS-JEM |
| WARDEN, | |
| Defendant. | |

OPINION AND ORDER

Tyler J. Arbuckle, a prisoner without a lawyer, filed a preliminary injunction motion alleging he is in danger at the Indiana State Prison. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Arbuckle says he is chronically mentally ill. He says he is harming himself and has been placed on suicide watch where his mental health is getting worse. He alleges fellow inmates and guards threaten to kill him. The Indiana State Prison Warden has both the authority and the responsibility to ensure Arbuckle is protected from attack and provided constitutionally adequate mental health treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). So, I will construe the motion as also being a complaint and grant Arbuckle leave to proceed on

an official capacity claim against the Warden for permanent injunctive relief. I will also require the Warden to respond to the preliminary injunction motion.

Arbuckle asks to be transferred to a different prison. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

> The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (cleaned up). It is unclear if Arbuckle's constitutional rights are being violated, but even if I ultimately make such a finding, the PLRA places a high bar on my ordering his transfer. That said, the Warden may decide to transfer Arbuckle even if his rights are not being violated.

For these reasons, the court:

(1) GRANTS Tyler J. Arbuckle leave to proceed against the Indiana State Prison Warden in his official capacity to obtain permanent injunctive relief to protect

2

him from attack and provide him with constitutionally adequate mental health treatment as required by the Eighth Amendment;

(2) DIRECTS the clerk to separately docket the preliminary injunction motion (ECF 1) as a complaint;

(3) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from the Indiana State Prison Warden by emailing the Indiana Department of Correction with a copy of this order, and the motion/complaint (ECF 1);

(4) DIRECTS the clerk to email a copy of the same documents to the Indiana State Prison Warden at the Indiana State Prison;

(5) ORDERS the Indiana State Prison Warden to file and serve a response to the preliminary injunction, as soon as possible, but not later than **February 23, 2026**, (with supporting documentation and declarations from other staff as necessary) describing and explaining how Tyler J. Arbuckle is being protected and provided constitutionally adequate mental health treatment; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), the Indiana State Prison Warden to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: February 5, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3