UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TYLER J. ARBUCKLE,<br><br>    Plaintiff,<br><br>    v.<br><br>WARDEN,<br><br>    Defendant. | CAUSE NO. 3:26-CV-137-PPS-JEM |

OPINION AND ORDER

Tyler J. Arbuckle, a prisoner without a lawyer, filed a preliminary injunction motion alleging he is in danger at the Indiana State Prison. ECF 1. Arbuckle said he is chronically mentally ill. He said he is harming himself and has been placed on suicide watch where his mental health is getting worse. He alleged fellow inmates and guards threaten to kill him. I was concerned about the gravity of the allegations so I ordered the Warden to respond to the preliminary injunction motion by "describing and explaining how Tyler J. Arbuckle is being protected and provided constitutionally adequate mental health treatment[.]" ECF 4 at 3.

I appreciate the Warden's timely response which attached nearly 700 pages of exhibits. ECF 9. In the brief, the Warden says, "Unquestionably, Mr. Arbuckle does suffer from mental health issues, including suicidal idealizations and substance use disorder." *Id*. at 3. "[H]e was placed on suicide watch ten (10) separate times over the prior nine months." *Id*. "[T]here is no indication that he has received any threats from other inmates or staff members in over a year." *Id*. at 4. "Mr. Arbuckle's recent

grievances do not suggest that he is any danger from his fellow offenders or ISP officers." *Id*. With respect to the Warden, his response doesn't tell me how Arbuckle is being presently protected. And it also fails to advise me of the mental health treatment he is receiving at this time (if any), and whether it is constitutionally adequate.

It is true that his brief closes by saying Arbuckle "is regularly seen by mental health professionals at ISP." ECF 9 at 5. But it does not give any further details. In order for me to evaluate whether the treatment he is receiving is constitutionally adequate, I need a more fulsome explanation from the Warden about what exactly they are doing for Mr. Arbuckle. It would be helpful as well for the Warden to provide pinpoint cites to the medical record in support. Otherwise, I am left to review the 700 pages of records in search of that support.

The Warden's brief also says, "Mr. Arbuckle claims that he is receiving threats from inmates and staff, [but] there is simply no evidence to support that." *Id*. While there may not be corroboration for Mr. Arbuckle's statements, his testimony itself is evidence. Indeed, it was those assertions in his motion for a preliminary injunction which, in part, caused me to order a response from the Warden. What I ordered – and still need – is for the Warden to explain what if anything the Warden has done recently to investigate the supposed threats and to advise the court how Arbuckle is being protected today. In other words, I need to know what is currently happening relating to Mr. Arbuckle's allegations so I can properly exercise my discretion in deciding whether to grant a preliminary injunction. I appreciate it can be difficult to prove a negative—

the Warden tells me there are no threats.  I simply need to understand what the Warden has done to allow him to arrive at that conclusion.

Finally, if I find that a preliminary injunction should issue, "remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (cleaned up). Arbuckle wants to be transferred to a different prison. The Warden responds that a transfer is unnecessary.  He may be right, but I am interested in knowing if there are less intrusive alternatives to transfer if I decide an injunction is appropriate.

For these reasons, the court ORDERS the Indiana State Prison Warden to file and serve another response to the preliminary injunction, as soon as possible, but not later than **March 16, 2026**, (with supporting documentation and declarations from other staff as necessary) describing and explaining with citations how Tyler J. Arbuckle is being protected from attack by inmates and staff - and how he is being provided constitutionally adequate mental health treatment.

**SO ORDERED**.

ENTERED: February 27, 2026.

                                        /s/ Philip P. Simon
                                        PHILIP P. SIMON, JUDGE
                                        UNITED STATES DISTRICT COURT