UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TYLER J. ARBUCKLE,

Plaintiff,

v.                                          CAUSE NO. 3:26-CV-137-PPS-JEM

WARDEN,

Defendant.

OPINION AND ORDER

Tyler J. Arbuckle, a prisoner without a lawyer, filed a preliminary injunction

motion and I granted him leave to proceed solely "against the Indiana State Prison

Warden in his official capacity to obtain permanent injunctive relief to protect him from

attack and provide him with constitutionally adequate mental health treatment as

required by the Eighth Amendment[.]" ECF 4 at 2-3. With the Warden's Amended

response to the preliminary injunction motion, he attached his affidavit affirming, "I

have recommended what Mr. Arbuckle feels is in his best interest, which is a facility

transfer to Miami Correctional Facility." ECF 17-1 at ¶ 13. Days later, Arbuckle filed a

Notice of Change of Address showing he had moved to Miami Correctional Facility.

ECF 19. Arbuckle did not file a reply to the preliminary injunction motion nor otherwise

argue he expects to be transferred back to the Indiana State Prison.

When "a prisoner is transferred to another prison, his request for injunctive relief

against officials of the first prison is moot unless he can demonstrate that he is likely to

be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Arbuckle could

have filed a reply brief arguing he expected to return to Indiana State Prison, but he did not. There is no indication in this record that he will be transferred back there. "Allegations of a likely retransfer may not be based on mere speculation." *Id.* Here, there is not even speculation that he will return to the Indiana State Prison. That makes both the preliminary injunction motion and this case moot.

A claim that is moot must be dismissed for lack of jurisdiction. *See E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021); *see also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("In an action seeking only injunctive relief, this requirement ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot.").

For these reasons, this case is DISMISSED AS MOOT for lack of jurisdiction.

ENTERED: April 22, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT